UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETEDGE, INC., | * |
|     Plaintiff/Counterclaim Defendant, | * |
| v. | *   Civil Action No. 1:15-cv-13171-ADB |
| YAHEE TECHNOLOGIES CORP., | * |
|     Defendant/Counterclaim Plaintiff. | * |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff PetEdge, Inc. ("PetEdge"), alleges that Defendant Yahee Technologies Corp. ("Yahee") is infringing upon its patent entitled "Folding Pet Ramp and Steps," United States Patent No. 7,621,236 (the "'236 Patent"), in violation of 35 U.S.C. § 271. Yahee asserted nine affirmative defenses and brought a counterclaim for a declaratory judgment of invalidity and non-infringement of the '236 Patent. PetEdge moved to dismiss Yahee's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike Yahee's sixth and seventh affirmative defenses pursuant to Rule 12(f). [ECF No. 15]. For the reasons explained below, the Court denies PetEdge's motion to dismiss Yahee's counterclaim and grants PetEdge's motions to strike Yahee's sixth and seventh affirmative defenses.

**I.    BACKGROUND**

The following facts are drawn from the complaint. [ECF No. 1]. PetEdge is in the business of designing, sourcing, manufacturing, and distributing pet-related merchandise. PetEdge invented a folding pet ramp and steps combination apparatus ("pet ramp/steps") and owns a patent, the '236 Patent, directed to various embodiments of this apparatus. PetEdge sells its pet ramp/steps under its Pet Studio and Guardian Gear brands.

1

Yahee is also in the business of selling pet-related merchandise and offers several pet ramp/steps for sale. Although Yahee offers four distinct models, they all appear to be the same or very similar to each other. Yahee's products compete directly with PetEdge's pet ramp/steps products.

PetEdge initiated this action against Yahee on August 17, 2015. [ECF No. 1]. On October 24, 2016, Yahee filed its answer. [ECF No. 9]. Currently before this Court is PetEdge's motion to dismiss Yahee's counterclaim and to strike Yahee's sixth and seventh affirmative defenses. [ECF No. 15]. Yahee amended its counterclaim and opposed PetEdge's motion to dismiss and motion to strike on November 17, 2016. [ECF Nos. 17–18]. PetEdge filed its reply to Yahee's opposition [ECF No. 23] and an answer to the amended counterclaim [ECF No. 24] on December 1, 2016.

## II. PETEDGE'S MOTION TO DISMISS YAHEE'S COUNTERCLAIM

In its motion to dismiss Yahee's counterclaim, PetEdge argues that Yahee failed to meet the pleading requirements of Rule 8. [ECF No. 15]. Yahee responded by amending its counterclaim to set forth additional factual allegations. [ECF No. 17]. PetEdge has not renewed its motion to dismiss with respect to the amended counterclaim.

"It is well settled that an amended complaint supersedes the original complaint." Lowden v. William M. Mercer, Inc., 903 F. Supp. 212, 216 (D. Mass. 1995). Because Yahee amended its counterclaim, its original counterclaim "is no longer operative." In re Celexa & Lexapro Mktg. & Sales Practices Litig., 751 F. Supp. 2d 277, 286 (D. Mass. 2010) (denying a motion to dismiss as moot where the complaint that defendant moved to dismiss had been amended). Therefore, PetEdge's motion to dismiss Yahee's original counterclaim is denied as moot.

## III. PETEDGE'S MOTION TO STRIKE YAHEE'S AFFIRMATIVE DEFENSES

PetEdge has also moved to strike Yahee's sixth and seventh affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), which authorizes this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike under Rule 12(f) are generally disfavored, and this Court has previously stated that they 'should be granted only when it is beyond cavil that the defendant[] could prevail on them.'" United States SEC v. Nothern, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (quoting Honeywell Consumer Prods. Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998)). "A plaintiff may prevail on a Rule 12(f) motion where 'it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense.'" Id. (quoting FDIC v. Gladstone, 44 F. Supp. 2d 81, 85 (D. Mass. 1999)). "Even when technically appropriate, motions to strike are not typically granted absent a showing of prejudice to the moving party." United States v. Sampson, 820 F. Supp. 2d 202, 241 (D. Mass. 2011). "[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Nothern, 400 F. Supp. 2d at 364 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, at 421–22 (3d ed. 2004)).

### a. PetEdge's Motion to Strike Yahee's Seventh Affirmative Defense

Yahee's seventh affirmative defense reads, in full:

> Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery the '236 Patent is unenforceable because during their prosecution, the United States Patent and Trademark Office was not fully advised of all material facts and prior art, which information if disclosed would have caused the application to be rejected.

[ECF No. 9 at 5]. PetEdge argues that Yahee's affirmative defense alleges fraud and is,

therefore, subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). [ECF No. 16 at 9]. Yahee denies that it is alleging fraud on the part of PetEdge, but instead asserts that if the United States Patent and Trademark Office ("USPTO") had reviewed United States Patent No. 1,791,330 (the "'330 Patent"), it would have rejected PetEdge's '236 Patent. [ECF No. 18 at 3]. Yahee specifically states that it "is not alleging or implying that PetEdge failed to disclose material information to the [USPTO]." Id.

Unless the seventh affirmative defense alleges fraudulent conduct, however, the Court is unable to discern how it differs from the other defenses asserted by Yahee. For example, the seventh affirmative defense may be construed to claim that the '236 Patent was anticipated by the '330 Patent. "A patent is anticipated under § 102 if '(a) the invention was known or used by others in this country, or patented . . . before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or in the public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . .'" Minn. Mining & Mfg. Co. v. Chemque, Inc., 303 F.3d 1294, 1301 (Fed. Cir. 2002) (citing 35 U.S.C. § 102). Yahee's third affirmative defense, however, already asserts that the '236 Patent is invalid for failure to comply with the requirements specified in 35 U.S.C. § 102. Thus, to the extent Yahee argues that the '236 Patent was anticipated and therefore invalid, the seventh affirmative defense is "redundant" of the third affirmative defense. Fed. R. Civ. P. 12(f). Likewise, if Yahee intended the seventh affirmative defense to raise defenses of invalidity, unclean hands, non-infringement, or prosecution history estoppel, these defenses are also raised elsewhere in its answer [ECF No. 9], and are also properly struck as "redundant" under Rule 12(f).

Since Yahee has provided no other legal basis for claiming that the '236 Patent is

4

"unenforceable," the Court interprets Yahee's seventh affirmative defense as intending to allege an inequitable conduct defense, despite Yahee's assertion that it did not intend to assert fraud. "The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009).

An inequitable conduct defense must satisfy the requirements for alleging fraud set forth in Federal Rule of Civil Procedure 9(b). Id. at 1326. In determining "whether inequitable conduct has been pleaded with particularity under Rule 9(b)," the law of the Federal Circuit applies. Id. "The [Federal Circuit] [has] tightened the inequitable conduct [pleading] standard to ensure that the defense is sustained only in egregious circumstances and to discourage parties from using it as a mere litigation tactic in garden-variety cases." PetEdge, Inc. v. Fortress Secure Sols., LLC, No. 15-cv-11988-FDS, 2016 WL 407065, at *3 (D. Mass. Feb. 2, 2016) (quoting Lexington Luminance LLC v. Osram Sylvania Inc., 972 F. Supp. 2d 88, 91 (D. Mass. 2013)) (alterations in original).

> Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity" under Rule 9(b). A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b).

Exergen, 575 F.3d at 1326–27 (alterations in original) (internal citations omitted) (quoting Rule 9(b)). Thus, "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Id. at 1327.

5

Here, Yahee merely asserts that if the '330 Patent had been disclosed to the USPTO during its prosecution of the '236 Patent, it would have rejected PetEdge's patent application. This assertion fails to meet the particularity requirements of Rule 9(b) and Exergen. Specifically, Yahee has failed to identify a specific individual within the PetEdge corporation who knew of the undisclosed prior art and who withheld the prior art with the specific intent to deceive the USPTO. Exergen, 575 F.3d at 1327 n.3. For these reasons, PetEdge's motion to strike Yahee's seventh affirmative defense is granted.

### b. PetEdge's Motion to Strike Yahee's Sixth Affirmative Defense

Yahee's sixth affirmative defense reads, in full: "The claims of the '236 Patent are unenforceable, in whole or in part, under the doctrine of unclean hands and/or estoppel." [ECF No. 9 at 4]. PetEdge again argues that Yahee's affirmative defense alleges fraud and is, therefore, subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). [ECF No. 16 at 7]. Yahee responds by requesting that this Court follow Judge Saylor's prior ruling in Fortress rejecting PetEdge's argument that an unclean hands defense requires pleading with particularity pursuant to Rule 9(b). [ECF No. 18 at 4–5].

Unlike the defendant in Fortress, who raised the affirmative defense that PetEdge's *claims* were "barred by the doctrine of unclean hands," 2016 WL 407065, at *1, Yahee has raised the affirmative defense that the '236 *Patent* is "unenforceable . . . under the doctrine of unclean hands and/or estoppel." [ECF No. 9 at 4]. These are two materially different affirmative defenses. "[T]he remedies for litigation misconduct differ from the remedies for misconduct in acquisition of a property right. While inequitable conduct before the PTO renders the patent unenforceable by any party, the unclean hands doctrine bars only the offending party." Aptix Corp. v. Quickturn Design Sys., Inc., 269 F.3d 1369, 1376 (Fed. Cir. 2001); see also Therasense,

Inc. v. Bectron, Dickinson and Co., 649 F.3d 1276, 1287–91 (Fed. Cir. 2011) (remedy for a finding of unclean hands is dismissal of instant suit while leaving patent enforceable against other parties, whereas remedy for a finding of inequitable conduct is to hold patent unenforceable). By asserting that the '236 Patent is "unenforceable . . . under the doctrine of unclean hands," [ECF No. 9 at 4], Yahee has asserted that PetEdge engaged in "inequitable conduct during the acquisition of the patent" sufficient to allow this Court to "declare the patent unenforceable," id.

As discussed above, an affirmative defense of inequitable conduct must be pled with the particularity required by Rule 9(b). Exergen, 575 F.3d at 1326. This "requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Id. at 1327. Here, Yahee's conclusory assertion that patent is unenforceable fails to meet the particularity requirements of Rule 9(b) and Exergen. Yahee has failed to identify a specific individual within the PetEdge corporation who committed misconduct before the USPTO with the specific intent to deceive the USPTO. Exergen, 575 F.3d at 1327 n.3. For these reasons, PetEdge's motion to strike Yahee's sixth affirmative defense is granted.[1]

## IV.  CONCLUSION

For the reasons explained above, the Court DENIES as moot PetEdge's motion to dismiss Yahee's counterclaim and GRANTS PetEdge's motions to strike Yahee's sixth and seventh affirmative defenses. [ECF No. 15].

---

[1] To the extent that Yahee sought to assert that PetEdge's *claims* are barred by the doctrine of unclean hands, as opposed to contending that the *patent* is unenforceable under the doctrine of unclean hands, Yahee is granted leave to amend its answer accordingly.

7

**SO ORDERED.**

May 2, 2017  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE